# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE** **2. PLEASE TYPE OR PRINT** **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Rapaport v. Finkelman | SDNY | Clarke |
| | Date the Order or Judgment Appealed from was Entered on the Docket: 9/1/2026 | District Court Docket No.: 24-cv-5942 |
| | Date the Notice of Appeal was Filed: 10/1/2026 | Is this a Cross Appeal? ☐ Yes ☑ No |

| | Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|
| **Attorney(s) for Appellant(s):** ☐ Plaintiff ☑ Defendant | Max Rodriguez | 575 5th Ave., 14th Floor New York, NY 10017 | 646-741-5167 | | max@maxrodriguez.law |
| **Attorney(s) for Appellee(s):** ☑ Plaintiff ☐ Defendant | Gideon Rapaport (Pro Se) | 1078 Summit Ave,627 Jersey City, NJ 07307 | 862-213-0895 | | GideonRapaportLaw@outlook.com |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☑ Yes ☐ No |
|---|---|---|---|
| No | 0 | 0 | If Yes, provide the following: Case Name: Rapaport v. Finkelman; 2d Cir. Docket No.: 25-2247; Reporter Citation: (i.e., F.3d or Fed. App.) Pending |

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☑ Diversity | ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party) | ☐ Other (specify): ______ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): ______ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| ☑ Pre-trial | ☐ Default judgment | ☐ Dismissal/other jurisdiction | ☐ Damages: | ☐ Injunctions: |
| ☐ During trial | ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris. | ☐ Dismissal/merit | ☐ Sought: $ ______ | ☐ Preliminary |
| ☐ After trial | ☐ Dismissal/FRCP 12(b)(6) failure to state a claim | ☐ Judgment / Decision of the Court | ☐ Granted: $ ______ | ☐ Permanent |
| | ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint | ☐ Summary judgment | ☐ Denied: $ ______ | ☐ Denied |
| | ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal | ☐ Declaratory judgment | | |
| | | ☐ Jury verdict | | |
| | | ☐ Judgment NOV | | |
| | | ☐ Directed verdict | | |
| | | ☑ Other (specify): Denial of Fees | | |

**PART C: NATURE OF SUIT (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust | ☐ Communications | ☐ Freedom of Information Act | ☐ Admiralty/ Maritime | ☐ Admiralty/ Maritime | ☐ Civil Rights |
| ☐ Bankruptcy | ☐ Consumer Protection | ☐ Immigration | ☑ Assault / Defamation | ☐ Arbitration | ☐ Habeas Corpus |
| ☐ Banks/Banking | ☐ Copyright ☐ Patent | ☐ Labor | ☐ FELA | ☐ Commercial | ☐ Mandamus |
| ☐ Civil Rights | ☐ Trademark | ☐ OSHA | ☐ Products Liability | ☐ Employment | ☐ Parole |
| ☐ Commerce | ☐ Election | ☐ Securities | ☐ Other (Specify): | ☐ Insurance | ☐ Vacate Sentence |
| ☐ Energy | ☐ Soc. Security | ☐ Tax | | ☐ Negotiable Instruments | ☐ Other |
| ☐ Commodities | ☐ Environmental | | | ☐ Other Specify | |
| ☐ Other (specify): ______ | | | | | |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv. | ☐ Arbitration | ☑ Yes ☐ No |
| ☐ Forfeiture/Penalty | ☐ Attorney Disqualification | |
| ☐ Real Property | ☐ Class Action | Will appeal raise a matter of first impression? |
| ☐ Treaty (specify): ______ | ☐ Counsel Fees | |
| ☐ Other (specify): ______ | ☐ Shareholder Derivative | ☑ Yes ☐ No |
| | ☐ Transfer | |

1. Is any matter relative to this appeal still pending below? ☑ Yes, specify: 25-cv-7294 (SDNY) ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   - (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☐ No
   - (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ☐ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Rapaport v. Finkelman | 25-cv-7294 | | SDNY |

Name of Appellant: Abigail Finkelman

Date: 10/16/2026

Signature of Counsel of Record: /s/ Max Rodriguez

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| GIDEON RAPAPORT,<br><br>Plaintiff-Appellee,<br><br>- vs. -<br><br>ABIGAIL FINKELMAN,<br><br>Defendant-Appellant. | No.: 26-2785<br><br>**FORM C ADDENDUM A** |

1. *A brief but not perfunctory, description of the nature of the action.*

On July 28, 2023, Plaintiff filed a *pro se* complaint in another action before the District Court, *Rapaport v. Iyer et al.*, No. 1:23-cv-06709 (S.D.N.Y.) ("*Rapaport I*"). In *Rapaport I*, Plaintiff asserted claims for defamation, defamation by implication, defamation *per se*, invasion of privacy and false light, and intentional infliction of emotional distress against three John Doe defendants. *Rapaport I*, ECF no. 1. The complaint in *Rapaport I* was later amended, naming three individuals as defendants. Among other things, the Complaint in *Rapaport I* alleged that the defendants in that case "forged a document" by adding "a corporate headshot style photograph of the Plaintiff" to a document he claimed "was in the style of a 'wanted' or 'public enemy' poster" and added "the bolded and capitalized text 'DO NOT ADMIT.'" *Rapaport I*, ECF No. 1, ¶ 7. Plaintiff alleged in *Rapaport I* that the defendants used this supposedly fictitious document to stage or forge a photograph that showed the document posted "at the guarded security gate at 601 Lexington Avenue, New York," the office of Plaintiff's former employer, Kirkland & Ellis LLP. *Id.* ¶¶ 6–8.

On August 6, 2023, Ms. Finkelman, using her X account, made a "thread" (a series of connected posts) discussing the *Rapaport I* lawsuit. Complaint ¶ 11. These posts, sometimes enclosing screenshots of excerpts from the original complaint in *Rapaport I* and other related public materials, laid out Ms. Finkelman's reactions to Plaintiff's *Rapaport I* lawsuit. In sum, her posts reflected her opinion that *Rapaport I* was a mockworthy lawsuit, and that others should read it for their own amusement. Among the posts in this thread, Ms. Finkelman expressed sarcastic disappointment that the original complaint in *Rapaport I* did not include the supposedly faked photograph of the supposedly forged document, saying "Smh [shaking my head] why wouldn't you include screenshots, I wanna see the fake 'wanted' or 'public enemy' poster." Complaint ¶ 14; ECF no. 1-2 at 3. Later in her thread, Ms. Finkelman posted the photograph, saying "We got it lads, s/o [shout out] to an anonymous tipster." Complaint ¶ 15; ECF no. 1-2 at 20. As the Complaint says, the photograph Ms. Finkelman posted "is a copy of the faked photograph of plaintiff" described in his original complaint in *Rapaport I*. Complaint ¶ 16; *see Rapaport I*, ECF No. 1, at ¶ 7.

Plaintiff filed this action and his Complaint on August 5, 2024. He asserted claims for defamation *per se* and "False Light and Invasion of Privacy." Complaint ¶¶ 27–41. He sought

declaratory relief that the photograph and the document therein are fake, an injunction requiring Ms. Finkelman to remove the photograph from anywhere she has published it, and compensatory and punitive damages. Complaint at 7–8.

2. *The result below.*

On August 29, 2025, the Court issued an opinion and order: (1) granting Ms. Finkelman's motion to dismiss in its entirety and with prejudice; (2) denying as moot the pending motions for sanctions; and (3) directing Ms. Finkelman to file a renewed motion for sanctions should she wish by September 15, 2025. ECF no. 52 ("MTD Decision"). This deadline was then amended by the Court *sua sponte* to October 3, 2025. ECF no. 54. Ms. Finkelman filed two motions on that date. The first was a motion for sanctions under Fed. R. Civ. P. 11. The second was a motion for attorney's fees and costs under New York's Anti-SLAPP law, N.Y. Civil Rights L. § 70-a(1)(a). Both motions were fully briefed.

On September 1, 2026, the District Court issued an opinion and order denying Ms. Finkelman's motions. ECF No. 104. Relevant here, the District Court determined that Ms. Finkelman was not eligible for fees under New York's Anti-SLAPP statute by motion in this action because of the statute's language which provides that a defendant "may maintain an action, claim, cross claim, or counterclaim" to recover attorney's fees" because the District Court concluded that statutory phrasing did not encompass relief by motion, rather than by alternative remedy of a "follow-on case seeking fees." ECF No. 104 at 6.

3. *A copy of the notice of appeal and a current copy of the lower court docket sheet.*

Ms. Finkelman attaches a copy of the notice of appeal and the District Court docket sheet.

4. *copy of all relevant opinions/orders forming the basis for this appeal.*

Ms. Finkelman attaches a copy of the relevant opinion and order forming the basis of this appeal.

Dated: October 16, 2026
New York, New York

LAW OFFICE OF MAX RODRIGUEZ PLLC

By: /s/ *Max Rodriguez*

Max Rodriguez
575 5th Avenue
14th Floor
New York, NY 10017
(646) 741-5167
max@maxrodriguez.law
*Attorney for Defendant-Appellant*
*Abigail Finkelman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIDEON RAPAPORT,<br><br>Plaintiff,<br><br>- vs. -<br><br>ABIGAIL FINKELMAN,<br><br>Defendant. | No.: 1:24-cv-05942 (JGLC) |

**<u>NOTICE OF APPEAL</u>**

NOTICE IS HEREBY GIVEN THAT Defendant Abigail Finkelman hereby appeals to the United States Court of Appeals for the Second Circuit from all aspects of the Opinion and Order dated and entered in this proceeding on September 1, 2026, (Docket No. 104), and all other stipulations, judgments, rulings, opinions, decisions, and orders merged therein.

DATED: October 1, 2026

Respectfully submitted,

/s/ Max Rodriguez

Max Rodriguez
LAW OFFICE OF MAX RODRIGUEZ PLLC
575 5th Avenue, 14th Floor
New York, NY 10017
max@maxrodriguez.law
(646) 741-5167

*Counsel for Defendant Abigail Finkelman*

APPEAL,ECF,PRO-SE,RELATED

# U.S. District Court
# Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:24-cv-05942-JGLC

Rapaport v. Finkelman
Assigned to: Judge Jessica G. L. Clarke
Demand: $75,000
Related Cases: 1:23-cv-06709-JGLC
1:25-cv-07294-JGLC
Cause: 28:1332lb Diversity-Libel, Assault, Slander

Date Filed: 08/05/2024
Jury Demand: Plaintiff
Nature of Suit: 320 Assault Libel & Slander
Jurisdiction: Diversity

**Plaintiff**

**Gideon Rapaport** represented by **Gideon Rapaport**
1078 Summit Avenue
Ste 627
Jersey City, NJ 07307
862-213-0895
Email: gideonrapaportlaw@outlook.com
PRO SE

**Richard Allen Altman**
Law Office of Richard A. Altman
150 East 56th Street
12b
Suite 12b
New York, NY 10022
917-353-4077
Fax: 212-633-0123
Email: altmanlaw@earthlink.net
*TERMINATED: 09/17/2024*
*LEAD ATTORNEY*

V.

**Defendant**

**Abigail Finkelman**
*TERMINATED: 08/29/2025*
represented by **Max Ephraim Rodriguez**
Law Office of Max Rodriguez PLLC
575 5th Avenue
14th Floor
New York, NY 10017
646-741-5167
Email: max@maxrodriguez.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Richard Allen Altman** represented by **Richard Allen Altman**
150 East 56th Street
Suite 12B

New York, NY 10022
212.633.0123
Fax: 212.633.0123
Email: altmanlaw@earthlink.net
PRO SE

**Richard Allen Altman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/05/2024 | 1 | COMPLAINT against Abigail Finkelman. (Filing Fee $ 405.00, Receipt Number ANYSDC-29706837)Document filed by Gideon Rapaport. (Attachments: # 1 Exhibit Photograph, # 2 Exhibit Comment Thread).(Altman, Richard) (Entered: 08/05/2024) |
| 08/05/2024 | 2 | CIVIL COVER SHEET filed..(Altman, Richard) (Entered: 08/05/2024) |
| 08/06/2024 | 3 | STATEMENT OF RELATEDNESS re: that this action be filed as related to 23cv6709. Document filed by Gideon Rapaport..(Altman, Richard) (Entered: 08/06/2024) |
| 08/06/2024 | | *****NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Richard Allen Altman. The following case opening statistical information was erroneously selected/entered: County code New York;. The following correction(s) have been made to your case entry: the County code has been modified to XX Out of State;. (jgo)** (Entered: 08/06/2024) |
| 08/06/2024 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Unassigned. .(jgo) (Entered: 08/06/2024) |
| 08/06/2024 | | Case Designated ECF. (jgo) (Entered: 08/06/2024) |
| 08/06/2024 | | CASE REFERRED TO Judge Jessica G. L. Clarke as possibly related to 23-cv-6709. (jgo) (Entered: 08/06/2024) |
| 08/07/2024 | | CASE ACCEPTED AS RELATED. Create association to 1:23-cv-06709-JGLC. Notice of Assignment to follow. (tro) (Entered: 08/07/2024) |
| 08/07/2024 | | NOTICE OF CASE REASSIGNMENT to Judge Jessica G. L. Clarke. Judge Unassigned is no longer assigned to the case. (tro) (Entered: 08/07/2024) |
| 08/07/2024 | | Magistrate Judge Barbara C. Moses is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (tro) (Entered: 08/07/2024) |
| 08/09/2024 | 4 | NOTICE OF INITIAL PRETRIAL CONFERENCE: The conferencewill be held remotely by Microsoft Teams. Counsel will receive Microsoft Teams log-in credentials at the email addresses listed on the docket. The public listen-only line may be accessed by dialing: 646-453-4442 \| Access Code: 339578496#. As further set forth by this Order. SO ORDERED. Initial Conference set for 11/14/2024 at 11:00 AM before Judge Jessica G. L. Clarke. (Signed by Judge Jessica G. L. Clarke on 8/9/2024) (tg) (Entered: 08/09/2024) |

| | | |
|---|---|---|
| 08/28/2024 | 5 | NOTICE OF APPEARANCE by Max Ephraim Rodriguez on behalf of Abigail Finkelman..(Rodriguez, Max) (Entered: 08/28/2024) |
| 08/28/2024 | 6 | PROPOSED STIPULATION AND ORDER. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 08/28/2024) |
| 08/29/2024 | 7 | STIPULATION: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties as follows: 1. Defendant Abigail Finkelman accepts service of the Complaint in this action as of August 27, 2024. 2. Finkelman will answer or file a motion to dismiss the Complaint on October 28,2024. Consistent with the Court's Individual Rule 4(a), no pre-motion letter will be filed prior to filing a motion to dismiss. So Ordered. Abigail Finkelman answer due 10/28/2024.( Motions due by 10/28/2024.) (Signed by Judge Jessica G. L. Clarke on 8/29/2024) (tg) (Entered: 08/29/2024) |
| 09/09/2024 | 8 | LETTER MOTION to Substitute Attorney. Old Attorney: Richard A. Altman, New Attorney: unknown addressed to Judge Jessica G. L. Clarke from Richard A. Altman dated September 9, 2024. Document filed by Gideon Rapaport..(Altman, Richard) (Entered: 09/09/2024) |
| 09/10/2024 | 9 | ORDER terminating 8 Letter Motion to Substitute Attorney. Counsel for Plaintiff is directed to file a letter by September 12, 2024 stating whether he is asserting a retaining or charging lien, pursuant to Local Rule 1.4. If Defendant opposes the motion to withdraw, Defendant shall file such opposition by September 16, 2024. The Clerk of Court is directed to terminate ECF No. 8. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 9/10/2024) (vfr) (Entered: 09/10/2024) |
| 09/10/2024 | | Set/Reset Deadlines: Responses due by 9/16/2024 (vfr) (Entered: 09/10/2024) |
| 09/11/2024 | 10 | LETTER addressed to Judge Jessica G. L. Clarke from Richard A. Altman dated September 11, 2024 re: Response to Court. Document filed by Gideon Rapaport..(Altman, Richard) (Entered: 09/11/2024) |
| 09/16/2024 | 11 | LETTER RESPONSE to Motion addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated September 16, 2024 re: 8 LETTER MOTION to Substitute Attorney. Old Attorney: Richard A. Altman, New Attorney: unknown addressed to Judge Jessica G. L. Clarke from Richard A. Altman dated September 9, 2024. *Response of Non-Opposition and Request to Retain Jurisdiction*. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 09/16/2024) |
| 09/16/2024 | 12 | LETTER addressed to Judge Jessica G. L. Clarke from Richard A. Altman dated September 16, 2024 re: Withdrawal of counsel. Document filed by Gideon Rapaport..(Altman, Richard) (Entered: 09/16/2024) |
| 09/17/2024 | 13 | ORDER: Plaintiff's counsel's motion to withdraw is GRANTED. This Court will retain jurisdiction over counsel for the purpose of adjudicating any request for Rule 11 sanctions if Defendant asserts one. Should Defendant move for sanctions, the motion shall be due on October 28, 2024, the same day as Defendant's answer or motion to dismiss is due. SO ORDERED. ( Motions due by 10/28/2024.), Attorney Richard Allen Altman terminated. (Signed by Judge Jessica G. L. Clarke on 9/17/2024) (vfr) (Entered: 09/17/2024) |
| 10/04/2024 | 14 | LETTER MOTION for Conference re: 11 Response to Motion, addressed to Judge Jessica G. L. Clarke from Richard A. Altman dated October 4, 2024. Document filed by Richard Allen Altman..(Altman, Richard) (Entered: 10/04/2024) |
| 10/04/2024 | 15 | LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated October 4, 2024 re: 14 LETTER MOTION for Conference re: 11 Response to Motion, addressed to Judge Jessica G. L. Clarke from Richard A. Altman |

| | | |
|---|---|---|
| | | dated October 4, 2024. . Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 10/04/2024) |
| 10/09/2024 | 16 | ORDER denying 14 Letter Motion for Conference. The Court has reviewed Mr. Altman's letter request (ECF No. 14) and Defendant's opposition (ECF No. 15). The Court denies Mr. Altman's request for a conference or to modify the Court's September 17 Order. Mr. Altmans request is procedurally improper because it is an untimely motion for reconsideration. The Court also finds the substance of his request without merit. Mr. Altman no longer represents Plaintiff, and the Court has released Mr. Altman in that regard. He remains in this case only for the limited purpose of addressing any Rule 11 motion that may be filed against him. To the extent Mr. Altman argues that he is unable to take steps to address a Rule 11 issue now that he is no longer counsel to Plaintiff, he will have an opportunity to make that argument and to otherwise oppose any Rule 11 motion if it is filed. The Clerk of Court is directed to terminate ECF No. 14. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 10/9/2024) (tg) (Entered: 10/09/2024) |
| 10/17/2024 | 24 | MOTION Notice of Plaintiff Gideon Rapaport's Motion for Sanctions against Max E. Rodriguez Counsel For Defendant Abigail Finkelman. Document filed by Gideon Rapaport. (ar) Modified on 10/22/2024 (ar). (Entered: 10/22/2024) |
| 10/21/2024 | 17 | MOTION to Dismiss *with prejudice for failure to state a claim*. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 10/21/2024) |
| 10/21/2024 | 18 | DECLARATION of Max Rodriguez in Support re: 17 MOTION to Dismiss *with prejudice for failure to state a claim*.. Document filed by Abigail Finkelman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9).(Rodriguez, Max) (Entered: 10/21/2024) |
| 10/21/2024 | 19 | MEMORANDUM OF LAW in Support re: 17 MOTION to Dismiss *with prejudice for failure to state a claim*. . Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 10/21/2024) |
| 10/21/2024 | 20 | MOTION for Sanctions *against Gideon Rapaport, Richard A. Altman, and the Law Office of Richard A. Altman*. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 10/21/2024) |
| 10/21/2024 | 21 | DECLARATION of Max Rodriguez in Support re: 20 MOTION for Sanctions *against Gideon Rapaport, Richard A. Altman, and the Law Office of Richard A. Altman*.. Document filed by Abigail Finkelman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5).(Rodriguez, Max) (Entered: 10/21/2024) |
| 10/21/2024 | 22 | MEMORANDUM OF LAW in Support re: 20 MOTION for Sanctions *against Gideon Rapaport, Richard A. Altman, and the Law Office of Richard A. Altman*. . Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 10/21/2024) |
| 10/21/2024 | 23 | AFFIRMATION of Max Rodriguez in Support re: 17 MOTION to Dismiss *with prejudice for failure to state a claim*., 20 MOTION for Sanctions *against Gideon Rapaport, Richard A. Altman, and the Law Office of Richard A. Altman*.. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 10/21/2024) |
| 10/21/2024 | 25 | LETTER addressed to Judge Jessica G. L. Clarke re: Letter Motion for Expedited Discovery Relating to Defendant Finkelman's Motion for Sanctions. Document filed by Gideon Rapaport.(jbo) (Entered: 10/22/2024) |
| 10/21/2024 | 26 | LETTER addressed to Judge Jessica G. L. Clarke re: Letter Motion for Expedited Stay of Defendant Finkelman's Motion for Sanctions. Document filed by Gideon Rapaport.(jbo) (Entered: 10/22/2024) |

| | | |
|---|---|---|
| 10/22/2024 | 27 | LETTER MOTION for Conference re: 20 MOTION for Sanctions *against Gideon Rapaport, Richard A. Altman, and the Law Office of Richard A. Altman*., 21 Declaration in Support of Motion, 22 Memorandum of Law in Support of Motion addressed to Judge Jessica G. L. Clarke from Richard A. Altman dated October 22, 2024., LETTER MOTION for Extension of Time to File addressed to Judge Jessica G. L. Clarke from Richard A. Altman dated October 22, 2024. Document filed by Richard Allen Altman..(Altman, Richard) (Entered: 10/22/2024) |
| 10/23/2024 | 28 | LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated October 23, 2024 re: 24 MOTION for Sanctions., 27 LETTER MOTION for Conference re: 20 MOTION for Sanctions *against Gideon Rapaport, Richard A. Altman, and the Law Office of Richard A. Altman*., 21 Declaration in Support of Motion, 22 Memorandum of Law in Support of Motion LETTER MOTION for Extension of Time to File addressed to Judge Jessica G. L. Clarke from Richard A. Altman dated October 22, 2024. *[Letter Response Requesting Clarified Briefing Schedule or Denial Sua Sponte of ECF no. 24-26, and Letter in Opposition of ECF no. 27]*. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 10/23/2024) |
| 10/24/2024 | 29 | LETTER addressed to Judge Jessica G. L. Clarke Rapaport dated Not dated re: Letter through Email filed by Gideon Rapaport regarding in opposition and reply to Mr. Rodriguez's October 23 letter.(jw) (Entered: 10/25/2024) |
| 10/25/2024 | 30 | MEMO ENDORSEMENT re: 28 LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated October 23, 2024; denying 27 Letter Motion for Conference ; denying 27 Letter Motion for Extension of Time to File. ENDORSEMENT: The Court has reviewed the parties' letters at ECF Nos. 25, 26, 27, and 28. The Court stays briefing on both motions for sanctions until after the Court's decision on Defendant's motion to dismiss. It seems highly unlikely, for the reasons stated in Defendant's letter herein, that any opposition from Mr. Altman would require revealing attorney-client privileged information or taking a position opposing his former client. Nonetheless, the Court sees no harm in staying briefing on both motions for sanctions until after the motion to dismiss is decided. As such, any oppositions are due two weeks after the motion to dismiss is decided, and any replies are due one week later. Mr. Altmans request for a conference is therefore denied. Plaintiff also requests expedited discovery related to Defendant's motion for sanctions. This request is likewise denied. As an initial matter, this request for expedited discovery is moot in light of the stay. Plaintiff has also failed to demonstrate the relevance of this information in disputing Defendant's argument that Plaintiff's claims are legally frivolous. The Court of Court is directed to terminate ECF No. 27. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 10/25/2024) (tg) (Entered: 10/25/2024) |
| 10/31/2024 | | LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport re: I am respectfully writing to inform the Court and defendant Finkelman via ECF, as is required of me by Individual Rule 4(e), that I will rely upon my current pleading.. Document filed by Gideon Rapaport..(nb) (Entered: 11/06/2024) |
| 11/04/2024 | 32 | LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport re: request for an extension of time to oppose defendant Finkelman's Motion to Dismiss. Document filed by Gideon Rapaport.(tro) (Entered: 11/07/2024) |
| 11/04/2024 | 33 | OPPOSITION to Motion re: 17 MOTION to Dismiss *with prejudice for failure to state a claim*.. Document filed by Gideon Rapaport..(tro) (Entered: 11/07/2024) |
| 11/05/2024 | 31 | LETTER addressed to Judge Jessica G. L. Clarke re: Letter Regarding Extension of Time. Document filed by Gideon Rapaport.(jbo) (Entered: 11/07/2024) |

| | | |
|---|---|---|
| 11/08/2024 | | ORDER Due to a conflict with the Court's schedule, IT IS HEREBY ORDERED that the initial pretrial conference in this matter, previously scheduled for November 14, 2024 at 11:00 AM, is RESCHEDULED for **January 23, 2025 at 12:00 PM**. The joint letter and proposed Civil Case Management Plan and Scheduling Order, as described in ECF No. 4, shall be filed by **January 16, 2025**. (HEREBY ORDERED by Judge Jessica G. L. Clarke) (Text Only Order) (Clarke, Jessica) (Entered: 11/08/2024) |
| 11/13/2024 | 34 | REPLY MEMORANDUM OF LAW in Support re: 17 MOTION to Dismiss *with prejudice for failure to state a claim*. . Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 11/13/2024) |
| 11/13/2024 | 35 | DECLARATION of Max Rodriguez in Support re: 17 MOTION to Dismiss *with prejudice for failure to state a claim*.. Document filed by Abigail Finkelman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Rodriguez, Max) (Entered: 11/13/2024) |
| 12/02/2024 | 36 | LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 11/27/2024 re: Letter Update Re Motion for Sanctions Against Mr. Max Rodriguez, Counsel for Defendant Finkelman. Document filed by Gideon Rapaport. (jjc) (Entered: 12/02/2024) |
| 12/02/2024 | 37 | LETTER addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated December 2, 2024 re: Plaintiff's Letter ECF no. 36. Document filed by Abigail Finkelman.. (Rodriguez, Max) (Entered: 12/02/2024) |
| 12/04/2024 | 38 | LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport re: Letter in Response to Defendant Finkelman's December 2 Letter ECF No. 37.(jw) (Entered: 12/05/2024) |
| 12/09/2024 | 39 | MEMO ENDORSEMENT on re: 38 Letter filed by Gideon Rapaport. ENDORSEMENT: The parties have filed letters regarding allegedly sanctionable conduct, and are HEREBY DIRECTED to cease filing letters with respect to fully briefed (and stayed) motions. See ECF No. 30. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 12/9/2024) (tg) (Entered: 12/09/2024) |
| 12/17/2024 | 40 | LETTER MOTION to Adjourn Conference addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated December 17, 2024. Document filed by Abigail Finkelman.. (Rodriguez, Max) (Entered: 12/17/2024) |
| 12/18/2024 | 41 | ORDER granting 40 Letter Motion to Adjourn Conference.Application GRANTED. The initial pre-trial conference currently scheduled for January 23, 2025 is HEREBY RESCHEDULED to February 14, 2025 at 3:00 PM. The conference will still be conducted through Microsoft Teams, and the login and access instructions remain unchanged. The Clerk of Court is respectfully directed to terminate ECF No. 40. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 12/18/2024) Initial Conference set for 2/14/2025 at 03:00 PM in telephone or video conference before Judge Jessica G. L. Clarke. (ar) (Entered: 12/18/2024) |
| 12/20/2024 | 42 | MOTION for Permission for to participate in electronic case filing in this case. Document filed by Gideon Rapaport. (Attachments: # 1 Exhibit A) (jca) Modified on 12/26/2024 (jca). (Entered: 12/26/2024) |

| | | |
|---|---|---|
| 12/27/2024 | 43 | MEMO ENDORSEMENT granting 42 Motion for Permission for Electronic Case Filing. ENDORSEMENT: Application GRANTED. Plaintiff, proceeding pro se, shall hereby participate in this action via CM/ ECF, and will no longer receive notices by mail. Plaintiff shall comply with all ECF Rules and expectations, and shall consult the ECF Help Desk at helpdesk@nysd.uscourts.gov, or at (212) 805-0800, as necessary. The Clerk of Court is respectfully directed to terminate ECF No. 42. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 12/27/2024) (tg) (Entered: 12/27/2024) |
| 02/07/2025 | 44 | JOINT LETTER addressed to Judge Jessica G. L. Clarke from Max Rodriguez and Gideon Rapaport dated February 7, 2025 re: Initial Pretrial Conference. Document filed by Abigail Finkelman. (Attachments: # 1 Exhibit Proposed Civil Case Management Plan). (Rodriguez, Max) (Entered: 02/07/2025) |
| 02/10/2025 | 45 | ORDER: In the interest of efficiency and judicial economy, and to avoid potentially needless and cumbersome discovery, Defendant is HEREBY DIRECTED to file her letter motion to stay discovery, consistent with the Court's Individual Rules and Practices, by February 17, 2025. Plaintiff may file a single response to the letter motion on or before February 24, 2025. In addition, the initial pre-trial conference currently scheduled for February 14, 2025 is HEREBY ADJOURNED sine die pending resolution of the forthcoming motion to stay discovery. SO ORDERED. ( Motions due by 2/17/2025., Responses due by 2/24/2025) (Signed by Judge Jessica G. L. Clarke on 2/10/2025) (tg) (Entered: 02/10/2025) |
| 02/12/2025 | 46 | LETTER MOTION to Stay *Discovery* addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated February 12, 2025. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 02/12/2025) |
| 02/24/2025 | 47 | LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 2/24/2025 re: 46 LETTER MOTION to Stay *Discovery* addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated February 12, 2025. . Document filed by Gideon Rapaport. (Attachments: # 1 Exhibit Access Attempt for Post Republishing Defamation, # 2 Exhibit Access Attempt for Unrelated Post).(Rapaport, Gideon) (Entered: 02/24/2025) |
| 02/24/2025 | 48 | LETTER addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated February 24, 2025 re: Plaintiff's Letter ECF no. 47. Document filed by Abigail Finkelman.. (Rodriguez, Max) (Entered: 02/24/2025) |
| 02/27/2025 | 49 | ORDER granting 46 Letter Motion to Stay. For these reasons, the Court grants Defendant's requested stay. The Clerk of Court is respectfully directed to terminate ECF No. 46. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 2/27/2025) (tg) (Entered: 02/27/2025) |
| 04/15/2025 | 50 | LETTER addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated April 15, 2025 re: Notice of Supplemental Authority Concerning Civil Rights Law § 74. Document filed by Abigail Finkelman. (Attachments: # 1 Exhibit 1AP v. New York Times Co. Decision).(Rodriguez, Max) (Entered: 04/15/2025) |
| 04/16/2025 | 51 | LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 4/16/2025 re: Reply to Defendant Finkelman's New Authority Letter. Document filed by Gideon Rapaport..(Rapaport, Gideon) (Entered: 04/16/2025) |
| 08/29/2025 | 52 | OPINION AND ORDER re: 24 MOTION for Sanctions. filed by Gideon Rapaport, 17 MOTION to Dismiss *with prejudice for failure to state a claim*. filed by Abigail Finkelman, 20 MOTION for Sanctions *against Gideon Rapaport, Richard A. Altman, and the Law Office of Richard A. Altman*. filed by Abigail Finkelman.For the reasons stated above, the Court GRANTS Defendant Finkelman's motion to dismiss in its entirety. In |

| | | |
|---|---|---|
| | | addition, the stay which the Court previously imposed on the sanctions briefing is LIFTED, and the previously filed sanctions motions (ECF Nos. 20 and 24) are DENIED as MOOT. To the extent Defendant seeks to renew this motion, she must file any such motion, if desired, by September 15, 2025. The Clerk of Court is respectfully directed to terminate ECF Nos. 17, 20, and 24. SO ORDERED. Case Stay Lifted. ( Motions due by 9/15/2025.) Abigail Finkelman terminated. (Signed by Judge Jessica G. L. Clarke on 8/29/2025) (tg) (Entered: 08/29/2025) |
| 08/29/2025 | 53 | LETTER addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated August 29, 2025 re: Clarification on Rule 11 Procedures for Forthcoming Motion. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 08/29/2025) |
| 09/04/2025 | 54 | MEMO ENDORSEMENT on re: 53 Letter filed by Abigail Finkelman. ENDORSEMENT: The Court sua sponte extends Defendant's deadline to file a renewed sanctions motion to October 3, 2025. SO ORDERED. ( Motions due by 10/3/2025.) (Signed by Judge Jessica G. L. Clarke on 9/4/2025) (tg) (Entered: 09/04/2025) |
| 09/05/2025 | 55 | EMERGENCY LETTER addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated September 5, 2025 re: Forthcoming Motion for Temporary Restraining Order with Filing Injunction. Document filed by Abigail Finkelman. (Attachments: # 1 Exhibit A (New Complaint), # 2 Exhibit B (Notice to Plaintiff)).(Rodriguez, Max) (Entered: 09/05/2025) |
| 09/05/2025 | 56 | EMERGENCY MOTION for Temporary Restraining Order ., EMERGENCY MOTION for Preliminary Injunction . Document filed by Abigail Finkelman. (Attachments: # 1 Proposed Order for Temporary Restraining Order and/or Preliminary Injunction). (Rodriguez, Max) (**Refer to ECF Rule 13.19(b) and (c) for directions regarding promptly alerting the court to this filing.**<br><br>) (Entered: 09/05/2025) |
| 09/05/2025 | 57 | DECLARATION of Max Rodriguez in Support re: 56 EMERGENCY MOTION for Temporary Restraining Order .EMERGENCY MOTION for Preliminary Injunction .. Document filed by Abigail Finkelman. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L).(Rodriguez, Max) (Entered: 09/05/2025) |
| 09/05/2025 | 58 | LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 9/5/2025 re: Finkelman Forthcoming Emergency Motion. Document filed by Gideon Rapaport.. (Rapaport, Gideon) (Entered: 09/05/2025) |
| 09/05/2025 | 59 | MEMORANDUM OF LAW in Support re: 56 EMERGENCY MOTION for Temporary Restraining Order .EMERGENCY MOTION for Preliminary Injunction . . Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 09/05/2025) |
| 09/05/2025 | 60 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** NOTICE OF APPEAL from 52 Memorandum & Opinion, Case Stay Lifted, Set Deadlines/Hearings, Add and Terminate Parties,,,,,,,,,,,. Document filed by Gideon Rapaport. Form D-P is due within 14 days to the Court of Appeals, Second Circuit.. (Rapaport, Gideon) Modified on 9/5/2025 (tp). (Entered: 09/05/2025) |
| 09/05/2025 | 61 | LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 9/5/2025 re: Potential Forthcoming Motions for Reconsideration or Relief per FRCP 59 or 60. Document filed by Gideon Rapaport..(Rapaport, Gideon) (Entered: 09/05/2025) |
| 09/05/2025 | | *****NOTICE REGARDING DEFICIENT APPEAL. Notice to Gideon Rapaport to RE-FILE Document No. 60 Notice of Appeal. The filing is deficient for the following** |

| | | |
|---|---|---|
| | | **reason(s): the wrong event type was used to file the appeal. Re-file the appeal using the event type Notice of Interlocutory Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (tp)** (Entered: 09/05/2025) |
| 09/08/2025 | 62 | RESPONSE in Opposition to Motion re: 56 EMERGENCY MOTION for Temporary Restraining Order .EMERGENCY MOTION for Preliminary Injunction . . Document filed by Gideon Rapaport..(Rapaport, Gideon) (Entered: 09/08/2025) |
| 09/08/2025 | 63 | LETTER REPLY to Response to Motion addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated September 8, 2025 re: 56 EMERGENCY MOTION for Temporary Restraining Order .EMERGENCY MOTION for Preliminary Injunction . . Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 09/08/2025) |
| 09/08/2025 | 64 | ORDER REGARDING DEFENDANT'S APPLICATION FOR A TRO: The Court has received Defendant's letter, memorandum, and supporting materials in support of her "emergency" application for a temporary restraining order ("TRO"). ECF Nos. 5557, 59. In the motion, Defendant asks this Court to enjoin Gideon Rapaport, the pro se Plaintiff in this action, from "filing any pleadings, motions, or other filings against or concerning Abigail Finkelman without prior leave of this Court." ECF No. 59 at 1. Defendant notes that Plaintiff has filed another "frivolous" action against her, Rapaport v. Finkelman, No. 25-CV- 7294 ("Finkelman II"), seeking declaratory relief which amounts to an abuse of the legal system and harassment. Id. Finkelman II has now been assigned to the undersigned. The parties are HEREBY ORDERED to appear for a conference before this Court on September 10, 2025 at 12:00 PM to discuss Finkelman II and Defendant's request. The conference will be held remotely by Microsoft Teams. Counsel (and Plaintiff) will receive Microsoft Teams log-in credentials at the email addresses listed on the docket. The public listen-only line may be accessed by dialing: 646-453-4442 \| Access Code: 527963723#. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 9/8/2025) (Status Conference set for 9/10/2025 at 12:00 PM before Judge Jessica G. L. Clarke.) (ar) (Entered: 09/08/2025) |
| 09/10/2025 | 65 | LETTER MOTION for Leave to File Sur-reply *regarding TRO/PI Motion* addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 9/10/2025. Document filed by Gideon Rapaport. Return Date set for 9/10/2025 at 12:00 PM. (Attachments: # 1 Exhibit September 4, 2025 letter/email, # 2 Exhibit October 21, 2024 letter/email).(Rapaport, Gideon) (Entered: 09/10/2025) |
| 09/10/2025 | 66 | POST-CONFERENCE ORDER: As stated at the September 10, 2025 Microsoft Teams conference before this Court regarding the Defendant's application for a TRO (ECF No. 56), the parties are directed to confer and submit, by September 18, 2025, a joint letter to this Court. The joint letter shall (1) provide an update on the parties' negotiations regarding a potential resolution or stipulation as to the issues raised by the TRO application (and attach any such stipulation as an exhibit); and (2) indicate whether the parties wish to be referred to Magistrate Judge Moses for settlement purposes with respect to Defendant's forthcoming motion. The Court takes the pending TRO application under advisement until that time. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 9/10/2025) (jca) (Entered: 09/10/2025) |
| 09/10/2025 | | Minute Entry for proceedings held before Judge Jessica G. L. Clarke: Oral Argument held on 9/10/2025. Pro Se Plaintiff Gideon Rapaport present. Counsel Max E. Rodriguez present for the Defendant. (stt) (Entered: 09/17/2025) |
| 09/16/2025 | 67 | EMERGENCY LETTER addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated September 16, 2025 re: Plaintiff's Violation of Court Directions, Request for Hearing, and Request for Grant of Temporary Restraining Order and/or Preliminary |

| | | |
|---|---|---|
| | | Injunction. Document filed by Abigail Finkelman. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Rodriguez, Max) (Entered: 09/16/2025) |
| 09/16/2025 | 68 | COUNTER LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 9/16/2025 re: Finkelman's Second TRO/PI Emergency Letter. Document filed by Gideon Rapaport..(Rapaport, Gideon) (Entered: 09/16/2025) |
| 09/16/2025 | 69 | LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 9/16/2025 re: Request for Entry of Judgment. Document filed by Gideon Rapaport..(Rapaport, Gideon) (Entered: 09/16/2025) |
| 09/16/2025 | 70 | LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 9/16/2025 re: Refiling of Notice of Appeal. Document filed by Gideon Rapaport..(Rapaport, Gideon) (Entered: 09/16/2025) |
| 09/16/2025 | 71 | NOTICE OF APPEAL from 52 Memorandum & Opinion, Case Stay Lifted, Set Deadlines/Hearings, Add and Terminate Parties,,,,,,,,,. Document filed by Gideon Rapaport. Filing fee $ 605.00. Form D-P is due within 14 days to the Court of Appeals, Second Circuit..(Rapaport, Gideon) Modified on 9/17/2025 (tp). (Entered: 09/16/2025) |
| 09/16/2025 | 72 | LETTER addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated September 16, 2025 re: Plaintiff's Filings. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 09/16/2025) |
| 09/16/2025 | | Appeal Fee Due: for 71 Notice of Appeal. Appeal fee due by 9/30/2025. (tp) (Entered: 09/17/2025) |
| 09/17/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 71 Notice of Appeal. (tp) (Entered: 09/17/2025) |
| 09/17/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 71 Notice of Appeal, filed by Gideon Rapaport were transmitted to the U.S. Court of Appeals. (tp) (Entered: 09/17/2025) |
| 09/17/2025 | 73 | LETTER addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated September 17, 2025 re: Further Vexatious Filings by Plaintiff. Document filed by Abigail Finkelman. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Rodriguez, Max) (Entered: 09/17/2025) |
| 09/18/2025 | 74 | MEMORANDUM OPINION AND ORDER re: 65 LETTER MOTION for Leave to File Sur-reply *regarding TRO/PI Motion* addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 9/10/2025. filed by Gideon Rapaport, 56 EMERGENCY MOTION for Temporary Restraining Order .EMERGENCY MOTION for Preliminary Injunction . filed by Abigail Finkelman. In light of the foregoing, Defendant's motion for a filing injunction is DENIED, and Finkelman II is STAYED in its entirety pending resolution of Defendant's forthcoming sanctions motion in the instant case. Any briefing with respect to Rapaport's memorandum or newly filed summary judgment motion in Finkelman II is similarly stayed. The Court also finds that instituting a pre-motion letter requirement in this action would be beneficial in allaying the Defendant's concerns, as this Court has done previously. The Court also denies, as moot, Plaintiff's application with respect to the notice of appeal. ECF No. 70. Regarding Plaintiff's request for entry of judgment (ECF No. 69), Defendant shall file by September 22, 2025 a letter response, not to exceed two pages (or 700 words) stating her position with respect to that request. The parties are also encouraged to continue attempting to resolve their dispute with respect to New York Civil Rights Law § 70-a. The Clerk of Court is respectfully directed to terminate ECF Nos. 56 and 65, and to STAY the separate Finkelman II action (Case No. 1:25-CV-7294 (JGLC)), which is also before this undersigned, until further order from this Court. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 9/18/2025) (vfr) (Entered: 09/18/2025) |

| | | |
|---|---|---|
| 09/18/2025 | | Set/Reset Deadlines: Responses due by 9/22/2025 (vfr) (Entered: 09/18/2025) |
| 09/22/2025 | 75 | TRANSCRIPT of Proceedings re: CONFERENCE held on 9/10/2025 before Judge Jessica G. L. Clarke. Court Reporter/Transcriber: Marissa Lewandowski, (631) 813-9335. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/14/2025. Redacted Transcript Deadline set for 10/23/2025. Release of Transcript Restriction set for 12/22/2025. (js) (Entered: 09/22/2025) |
| 09/22/2025 | 76 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 9/10/2025 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(js) (Entered: 09/22/2025) |
| 09/22/2025 | 77 | LETTER addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated September 22, 2025 re: Plaintiff's Outstanding Requests at ECF no. 61 and 69. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 09/22/2025) |
| 09/23/2025 | 78 | COUNTER LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 9/23/2025 re: Response to Finkelman Sep 22 Letter re potential reconsideration and other issues. Document filed by Gideon Rapaport..(Rapaport, Gideon) (Entered: 09/23/2025) |
| 09/24/2025 | 79 | ORDER: In light of the foregoing, Plaintiffs requests are denied, and he is further reminded that (1) he must file a letter motion seeking leave of this Court before filing any further motions; and (2) he is expected to fully comply with Local Rules and the Court's Individual Rules and Practices. SO ORDERED (Signed by Judge Jessica G. L. Clarke on 9/24/2025) (ks) (Entered: 09/24/2025) |
| 09/29/2025 | | USCA Appeal Fees received $605.00 receipt number 43504 on 9/29/25 re: 71 Notice of Appeal, filed by Gideon Rapaport.(km) (Entered: 09/29/2025) |
| 10/03/2025 | 80 | MOTION for Sanctions *against Gideon Rapaport, Richard Altman, and the Law Office of Richard Altman*. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 10/03/2025) |
| 10/03/2025 | 81 | DECLARATION of Max Rodriguez in Support re: 80 MOTION for Sanctions *against Gideon Rapaport, Richard Altman, and the Law Office of Richard Altman*.. Document filed by Abigail Finkelman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8).(Rodriguez, Max) (Entered: 10/03/2025) |
| 10/03/2025 | 82 | MEMORANDUM OF LAW in Support re: 80 MOTION for Sanctions *against Gideon Rapaport, Richard Altman, and the Law Office of Richard Altman*. . Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 10/03/2025) |
| 10/03/2025 | 83 | MOTION for Attorney Fees *under New York's anti-SLAPP law*. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 10/03/2025) |
| 10/03/2025 | 84 | MEMORANDUM OF LAW in Support re: 83 MOTION for Attorney Fees *under New York's anti-SLAPP law*. . Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 10/03/2025) |

| | | |
|---|---|---|
| 10/06/2025 | 85 | LETTER MOTION for Leave to File Extension of Time addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 10/6/2025. Document filed by Gideon Rapaport. (Attachments: # 1 Exhibit Motion for Extension of Time).(Rapaport, Gideon) (Entered: 10/06/2025) |
| 10/07/2025 | 86 | LETTER MOTION for Extension of Time addressed to Judge Jessica G. L. Clarke from Richard A. Altman dated October 7, 2025. Document filed by Richard Allen Altman.. (Altman, Richard) (Entered: 10/07/2025) |
| 10/07/2025 | 87 | LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated October 7, 2025 re: 85 LETTER MOTION for Leave to File Extension of Time addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 10/6/2025., 86 LETTER MOTION for Extension of Time addressed to Judge Jessica G. L. Clarke from Richard A. Altman dated October 7, 2025. . Document filed by Abigail Finkelman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Rodriguez, Max) (Entered: 10/07/2025) |
| 10/08/2025 | 88 | LETTER RESPONSE in Support of Motion addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 10/8/2025 re: 85 LETTER MOTION for Leave to File Extension of Time addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 10/6/2025. . Document filed by Gideon Rapaport..(Rapaport, Gideon) (Entered: 10/08/2025) |
| 10/08/2025 | 89 | ORDER granting 85 Letter Motion for Leave to File Document; granting 86 Letter Motion for Extension of Time. Application GRANTED. Due to Plaintiff's pro se status, the Court extends the deadline for all responses to Defendant's October 3, 2025, motions to November 20, 2025. No further extensions for opposition will be granted. The Court also extends the Defendant's deadline to reply to December 1, 2025. The Clerk of Court is respectfully directed to terminate ECF Nos. 85 and 86. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 10/8/2025) (jjc) (Entered: 10/08/2025) |
| 10/08/2025 | | Set/Reset Deadlines: Responses due by 11/20/2025 Replies due by 12/1/2025. (jjc) (Entered: 10/08/2025) |
| 11/20/2025 | 90 | MEMORANDUM OF LAW in Opposition re: 20 MOTION for Sanctions *against Gideon Rapaport, Richard A. Altman, and the Law Office of Richard A. Altman*., 80 MOTION for Sanctions *against Gideon Rapaport, Richard Altman, and the Law Office of Richard Altman*., 86 LETTER MOTION for Extension of Time addressed to Judge Jessica G. L. Clarke from Richard A. Altman dated October 7, 2025. . Document filed by Richard Allen Altman..(Altman, Richard) (Entered: 11/20/2025) |
| 11/20/2025 | 91 | AMENDED MEMORANDUM OF LAW in Opposition re: 20 MOTION for Sanctions *against Gideon Rapaport, Richard A. Altman, and the Law Office of Richard A. Altman*., 80 MOTION for Sanctions *against Gideon Rapaport, Richard Altman, and the Law Office of Richard Altman*., 86 LETTER MOTION for Extension of Time addressed to Judge Jessica G. L. Clarke from Richard A. Altman dated October 7, 2025. . Document filed by Richard Allen Altman..(Altman, Richard) (Entered: 11/20/2025) |
| 11/20/2025 | 92 | RESPONSE in Opposition to Motion re: 83 MOTION for Attorney Fees *under New York's anti-SLAPP law*. . Document filed by Gideon Rapaport..(Rapaport, Gideon) (Entered: 11/20/2025) |
| 11/21/2025 | 93 | RESPONSE in Opposition to Motion re: 80 MOTION for Sanctions *against Gideon Rapaport, Richard Altman, and the Law Office of Richard Altman*. . Document filed by Gideon Rapaport. (Attachments: # 1 Exhibit Declaration).(Rapaport, Gideon) (Entered: 11/21/2025) |
| 11/21/2025 | 94 | LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 11/21/2025 re: Apology for Late Filing of Opposition to Sanctions Motion. Document |

| | | |
|---|---|---|
| | | filed by Gideon Rapaport..(Rapaport, Gideon) (Entered: 11/21/2025) |
| 11/25/2025 | 95 | CONSENT LETTER MOTION for Extension of Time to File Response/Reply as to 83 MOTION for Attorney Fees *under New York's anti-SLAPP law*., 80 MOTION for Sanctions *against Gideon Rapaport, Richard Altman, and the Law Office of Richard Altman*. addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated November 25, 2025. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 11/25/2025) |
| 12/01/2025 | 96 | ORDER granting 95 Letter Motion for Extension of Time to File Response/Reply. Application GRANTED. The Court hereby extends the deadline for Defendant's reply briefs for both motions to December 3, 2025. The Clerk of Court is respectfully directed to terminate ECF No. 95. SO ORDERED. Replies due by 12/3/2025. (Signed by Judge Jessica G. L. Clarke on 12/1/2025) (tg) (Entered: 12/01/2025) |
| 12/03/2025 | 97 | REPLY MEMORANDUM OF LAW in Support re: 80 MOTION for Sanctions *against Gideon Rapaport, Richard Altman, and the Law Office of Richard Altman*. . Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 12/03/2025) |
| 12/03/2025 | 98 | REPLY MEMORANDUM OF LAW in Support re: 83 MOTION for Attorney Fees *under New York's anti-SLAPP law*. . Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 12/03/2025) |
| 12/03/2025 | 99 | DECLARATION of Max Rodriguez in Support re: 83 MOTION for Attorney Fees *under New York's anti-SLAPP law*.. Document filed by Abigail Finkelman. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Rodriguez, Max) (Entered: 12/03/2025) |
| 12/05/2025 | 100 | LETTER MOTION for Leave to File Leave to File A Sur-Reply addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 12/5/2025. Document filed by Gideon Rapaport. (Attachments: # 1 Exhibit Motion For Leave to File Sur-reply).(Rapaport, Gideon) (Entered: 12/05/2025) |
| 12/08/2025 | 101 | LETTER addressed to Judge Jessica G. L. Clarke from Max Rodriguez dated December 8, 2025 re: Plaintiff's request for leave to file a surreply memorandum or memoranda, ECF no. 100. Document filed by Abigail Finkelman..(Rodriguez, Max) (Entered: 12/08/2025) |
| 12/09/2025 | 102 | LETTER addressed to Judge Jessica G. L. Clarke from Gideon Rapaport dated 12/9/2025 re: Motion for Leave to File Motion for Leave to File Sur-Reply. Document filed by Gideon Rapaport..(Rapaport, Gideon) (Entered: 12/09/2025) |
| 12/09/2025 | 103 | ORDER denying 100 Letter Motion for Leave to File Document. Application DENIED. The Court is in receipt of the parties' letters on this topic, see ECF Nos. 100-102, and considers the motions at ECF Nos. 80 and 83 to be fully briefed. The parties are directed to cease filing letters regarding a surreply or this motion. The Clerk of Court is respectfully directed to terminate ECF No. 100. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 12/9/2025) (tg) (Entered: 12/09/2025) |
| 09/01/2026 | 104 | OPINION AND ORDER re: 83 MOTION for Attorney Fees *under New York's anti-SLAPP law*. filed by Abigail Finkelman, 80 MOTION for Sanctions *against Gideon Rapaport, Richard Altman, and the Law Office of Richard Altman*. filed by Abigail Finkelman. For the foregoing reasons, Finkelman's motions for attorney's fees and other sanctions are DENIED. The Clerk of Court is directed to terminate ECF Nos. 80 and 83. (Signed by Judge Jessica G. L. Clarke on 9/1/2026) (vfr) (Entered: 09/01/2026) |
| 10/01/2026 | 105 | ORDER: On August 29, 2025, the Court granted Finkelman's motion to dismiss in its entirety, which dismissed with prejudice all claims brought in this case. See ECF No. 52. Subsequently, Finkelman brought a motion for sanctions and a motion for attorney's fees, both of which the Court denied. ECF No. 104. Accordingly, all outstanding issues have |

| | | |
|---|---|---|
| | | now been resolved, and the Clerk of Court is directed to close the case. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 10/1/2026) (vfr) (Entered: 10/01/2026) |
| 10/01/2026 | 106 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** NOTICE OF APPEAL from 104 Memorandum & Opinion,,. Document filed by Abigail Finkelman. Filing fee $ 605.00, receipt number ANYSDC-33543128. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Rodriguez, Max) Modified on 10/2/2026 (tp). (Entered: 10/01/2026) |
| 10/02/2026 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Max Ephraim Rodriguez to RE-FILE Document No. 106 Notice of Appeal. The filing is deficient for the following reason(s): the wrong event type was used to file the appeal. Re-file the appeal using the event type Notice of Interlocutory Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (tp)** (Entered: 10/02/2026) |
| 10/02/2026 | 107 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** AMENDED NOTICE OF INTERLOCUTORY APPEAL from 104 Memorandum & Opinion,,. Document filed by Abigail Finkelman. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Rodriguez, Max) Modified on 10/2/2026 (nd). (Entered: 10/02/2026) |
| 10/02/2026 | | *****NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Max Rodriguez to RE-FILE Document No. 107 Amended Notice of Interlocutory Appeal. The filing is deficient for the following reason(s): the wrong event type was used to file the appeal. Re-file the appeal using the event type Notice of Interlocutory Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (nd)** (Entered: 10/02/2026) |
| 10/02/2026 | 108 | NOTICE OF INTERLOCUTORY APPEAL from 104 Memorandum & Opinion,,. Document filed by Abigail Finkelman. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Rodriguez, Max) (Entered: 10/02/2026) |
| 10/02/2026 | | Appeal Fee Paid electronically via Pay.gov: for 108 Notice of Interlocutory Appeal. Filing fee $ 605.00. Pay.gov receipt number ANYSDC-33543128, paid on 6/1/2026..(nd) (Entered: 10/02/2026) |
| 10/02/2026 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 108 Notice of Interlocutory Appeal..(nd) (Entered: 10/02/2026) |
| 10/02/2026 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 108 Notice of Interlocutory Appeal filed by Abigail Finkelman were transmitted to the U.S. Court of Appeals..(nd) (Entered: 10/02/2026) |

## PACER Service Center

### Transaction Receipt

| | | | |
|---|---|---|---|
| 10/15/2026 10:58:30 | | | |
| **PACER Login:** | maxrodriguez88 | **Client Code:** | finkelman |
| **Description:** | Docket Report | **Search Criteria:** | 1:24-cv-05942-JGLC |
| **Billable Pages:** | 13 | **Cost:** | 1.30 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIDEON RAPAPORT,

Plaintiff,

-against-

ABIGAIL FINKELMAN,

Defendant.

24-CV-5942 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Gideon Rapaport, initially represented by counsel, brought this action alleging that Defendant Abigail Finkelman defamed him on Twitter for posting about a separate lawsuit Rapaport brought against other individuals. The Court dismissed Rapaport's complaint against Finkelman with prejudice, finding that it lacked any merit. Now, Finkelman brings two motions seeking to recover the attorney's fees she has incurred in defending herself in this action. The Court denies Finkelman's motion for attorney's fees under New York's anti-SLAPP law for procedural reasons and denies her motion for Rule 11 sanctions because the circumstances do not warrant them.

## BACKGROUND

The Court assumes general familiarity with the facts underlying this action and reviews the background only as relevant to the instant motions. Rapaport's claims in this case relate to a prior lawsuit in this Court. In 2023, Rapaport filed a case against unnamed John Does—later identified to be fellow New York University law students—who he alleged conspired to defame him on the Internet in order to ruin his reputation. Complaint, *Rapaport v. Doe # 1 et al.* ("Rapaport I"), 23-CV-6709 (JGLC) (S.D.N.Y. July 28, 2023), ECF No. 1. The alleged defamation involved false statements about Rapaport and a forged poster with Rapaport's

corporate headshot suggesting that a law office's security desk barred his entry (the "Photograph"). *Id.* ¶¶ 6–9. The image was posted on Reddit.com and Top-Law-Schools.com but, according to Rapaport, not "indexed by any search engine" at the time. *Id.*; ECF No. 1 ("Compl.") ¶ 19.

Soon after the Rapaport I complaint was filed, Finkelman—posting anonymously—published a series of Twitter (now "X") posts discussing and satirizing it. "I need all of #lawtwitter to read this complaint," she wrote. ECF No. 1-2 at 2. Finkelman chided Rapaport for not including "screenshots" of "the fake 'wanted' or 'public enemy' poster" involved in the Rapaport I action. ECF No. 1-2 at 2. Replying to this comment, Finkelman later published an image of the Photograph, which she had received directly from an unnamed source. *See* ECF No. 1-2 at 20. After Finkelman's post, the Photograph "was, and remains, widely available." Compl. ¶ 19. Finkelman continued to post about the case between August 2023 and May 2024, according to screenshots Rapaport attached to the Complaint. *See generally* ECF No. 1-2.

On August 5, 2024, Rapaport filed this action alleging defamation and the New Jersey tort of false light and invasion of privacy. *See* Compl. His claims stemmed from Finkelman's online commentary about Rapaport I and in particular, her posting of the Photograph. *See* ECF No. 52 ("MTD Opinion") at 6 (citing Compl. ¶¶ 6, 27–33).

Although Rapaport has proceeded pro se for the vast majority of this litigation, he was initially represented by counsel Richard Altman, who filed the Complaint. *See* Compl. On September 9, 2024—just over a month after filing this action—Altman informed the Court that he "was no longer authorized" to represent Rapaport. ECF No. 8. On September 17, 2024, the Court permitted Altman to withdraw with Finkelman's consent. ECF Nos. 11, 13. However, per Finkelman's request, the Court retained jurisdiction over Altman to adjudicate any request for

Rule 11 sanctions. ECF Nos. 13–14, 16. Rapaport, proceeding pro se, filed a motion for sanctions against Finkelman's counsel on October 17, 2024. ECF No. 24. On October 21, 2024, Finkelman then filed her motion to dismiss Rapaport's complaint and her first Rule 11 sanctions motion against Rapaport and Altman. ECF Nos. 17, 20. At that juncture, the Court stayed briefing on both sanctions motions until after its decision on the Motion to Dismiss. ECF No. 30.

On August 29, 2025, the Court issued its Opinion and Order on the Motion to Dismiss. *See* MTD Opinion. It determined that Finkelman was immune from liability under the New York Civil Rights Law's fair report privilege and that, in any event, "her tweets amount to nothing more than non-actionable opinions or, at most, statements which can be verified as true." *Id.* at 2. The Court also rejected Rapaport's false light and invasion of privacy claim because the claim does not exist under New York law, which applies to this action. *Id.* at 6. Thus, the Court dismissed all of Rapaport's claims with prejudice. *Id.* at 2.

In the wake of the Court's MTD Opinion, Finkelman filed a sanctions motion, alleging that Rapaport and his former counsel abused the legal system in filing this lawsuit. ECF No. 80. On the same day, Finkelman filed a second motion for attorney's fees under New York's anti-SLAPP law. ECF No. 83. Through these motions, Finkelman seeks full recovery of the attorney's fees, costs, and expenses associated with her defense of this action, and asks that the Court impose any other appropriate monetary and nonmonetary sanctions. *See* ECF No. 82 ("Sanctions Mot.") at 7; ECF No. 84 ("SLAPP Mot.") at 9.

**DISCUSSION**

Finkelman brings two alternative motions for attorney's fees—one under New York's anti-SLAPP law seeking fees from only Rapaport, and another seeking fees as a sanction under

Rule 11 jointly and severally from Rapaport and his former attorney, Altman. The Court denies both requests in turn below.

## I. Defendant's Anti-SLAPP Motion Fails

New York is one of many states with a so-called "anti-SLAPP law"—that is, a law limiting "strategic lawsuits against public participation" that have "little legal merit but are filed nonetheless to burden opponents with legal defense costs and to discourage those who might wish to speak out in the future." *Satanic Temple, Inc. v. Newsweek Digital LLC*, 177 F.4th 202, 210–11 (2d Cir. 2026) (cleaned up); *Carroll v. Trump*, 590 F. Supp. 3d 575, 580 (S.D.N.Y. 2022). "Anti-SLAPP laws are intended to deter actions filed to punish or harass a defendant for participating in public life." *Carroll*, 590 F. Supp. 3d at 580. In New York, the law allows a defendant to recover fees, costs, and other damages from the plaintiff who brought the meritless suit. *Id.* at 581.

New York's anti-SLAPP law, as amended, contains both substantive and procedural provisions. First, substantively, it provides that "[a] defendant in an action involving public petition and participation . . . may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action." N.Y. Civ. Rts. L. § 70-a(1). The law covers any public communication made about "an issue of public interest" where a lawsuit directed at that communication was brought or continued without "a substantial basis in law and fact." *Carroll*, 590 F. Supp. 3d at 580–81 (quoting N.Y. Civ. Rts. L. §§ 70-a(1)(a), 76-a(1)(a)). Upon meeting this standard, the party who made the public communication is entitled to costs and attorney's fees. *See Carroll*, 590 F. Supp. 3d at 581. The law also contains certain procedural provisions that "are designed to facilitate the early dismissal of baseless SLAPP suits by flipping the burden of proof ordinarily

applied under state law to motions to dismiss and motions for summary judgment." *Heilbut v. Cassava Sciences, Inc.*, 778 F. Supp. 3d 551, 565 (S.D.N.Y. 2025) (cleaned up).

Finkelman contends that this case squarely fits within New York's anti-SLAPP law: Rapaport brought frivolous claims to harass her for the public statements she made about Rapaport's prior lawsuit and to pressure her to remove her commentary. *See* SLAPP Mot. The issue, however, is whether Finkelman may recover these fees through the motion she filed, or whether she is required to bring it by a separate claim. This Court joins many others in this District in concluding that Defendant cannot recover these fees, under the anti-SLAPP statute, by motion in federal court.

Courts in this District disagree about whether any portion of New York's anti-SLAPP law applies in federal court. *Compare, e.g.*, *Prince v. Intercept*, 634 F. Supp. 3d 114, 142 (S.D.N.Y. 2022) (collecting cases finding that Section 70-a is "inapplicable in federal court") *with Grifols, S.A. v. Yu*, No. 24-CV-00576 (LJL), 2026 WL 836657, at *4 (S.D.N.Y. Mar. 26, 2026) (collecting cases that "favor[] the application of the substantive standards of the New York anti-SLAPP statute in federal court"). Although the Second Circuit recently upheld the application of another provision of the law in federal court, it has yet to reach the relevant provision here: Section 70-a. *See Satanic Temple, Inc. v. Newsweek Digital LLC*, 177 F.4th 202, 211–12 & n.7 (2d Cir. 2026). There is "an emerging trend of cases favoring the application of the substantive standards of the New York anti-SLAPP statute," including Section 70-a, "in federal court." *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049 (LJL), 2026 WL 852733, at *4 (S.D.N.Y. Mar. 27, 2026); *see also, e.g.*, *Grifols, S.A.*, 2026 WL 836657, at *4; *Button v. New York Times Co.*, No. 24-CV-5888 (MKV), 2025 WL 2643674, at *20–21 (S.D.N.Y. Sept. 15, 2025); *Heilbut v. Cassava Sciences*,

Inc., 778 F. Supp. 3d 551 (S.D.N.Y. 2025); *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 182 (S.D.N.Y. 2024), *appeal withdrawn*, No. 25-17, 2025 WL 1009663 (2d Cir. Mar. 31, 2025).

The Court, however, need not determine whether the anti-SLAPP law applies in federal court because the statute itself resolves Finkelman's motion. As several other courts in this District have recently found, the statute's plain language, which provides that a defendant "may maintain an action, claim, cross claim, or counterclaim" to recover attorney's fees, precludes a Section 70-a fees application brought by motion in federal court. N.Y. Civ. Rts. L. § 70-a(1); *see also, e.g.*, *Morley v. Oliver*, No. 25-CV-2563 (RA), 2026 WL 1552346, at *13 (S.D.N.Y. June 2, 2026); *Torres v. Carlson*, No. 25-CV-3474 (CM), 2026 WL 1534439, at *19 (S.D.N.Y. June 1, 2026); *Wang v. Sussman*, No. 24-CV-3987 (AS), 2025 WL 2607155, at *4 (S.D.N.Y. Sept. 9, 2025). This Court agrees. Although Finkelman did not have the opportunity to assert an anti-SLAPP counterclaim in this action—and the law governing how to pursue anti-SLAPP fees was less established when she filed this motion—her available remedy at this juncture is to "file a follow-on case seeking fees." *Wang*, 2025 WL 2607155, at *6 (S.D.N.Y. Sept. 9, 2025). Accordingly, Defendant's motion, in this regard, is denied.

## II. Rule 11 Sanctions Are Not Warranted Against Rapaport and Are Procedurally Impermissible Against His Former Counsel

Finkelman claims three independent grounds for Rule 11 sanctions: first, that Rapaport's claims were frivolous and thus Altman violated his duty to evaluate the validity of the claims and to decline to pursue frivolous claims; second, that Rapaport's allegations of injury were demonstrably false because he alleged the same injury, attributable to different events, in Rapaport I; and third, that the Complaint "was pursued for an improper purpose, namely to harass, intimidate, and inconvenience Ms. Finkelman." Sanctions Mot. at 7. The Court first finds that Finkelman offers no basis for relief from Rule 11's safe harbor provision, which bars

sanctions against Altman. Next, in light of Rapaport's previously represented and now pro se status, the Court declines to impose Rule 11 sanctions against him.

**A. Legal Standard**

Rule 11 of the Federal Rules of Civil Procedure requires that parties, in making representations to a court, certify that all submissions are for a proper purpose, that factual contentions are supported by available evidence, and that "denials of factual contentions are warranted on the evidence." Fed. R. Civ. P. 11(b); *see also Parnoff v. Fireman's Fund Ins. Co.*, 796 F. App'x 6, 8 (2d Cir. 2019) (citation omitted). It creates an "incentive to stop, think and investigate more carefully before serving and filing papers." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990) (internal quotation marks omitted). And, it "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *AJ Energy LLC v. Woori Bank*, 829 Fed. App'x 533, 535 (2d Cir. 2020) (quoting *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998)). Throughout a case, a plaintiff also has a "'continuing obligation' to ensure that the action has reasonable support and, if not, to withdraw it." *Klein v. Aicher*, No. 19-CV-9172 (RA), 2020 WL 4194823, at *11 (S.D.N.Y. July 21, 2020) (citing *Galin v. Hamada*, 283 F. Supp. 3d 189, 202 (S.D.N.Y. 2017), *aff'd*, 753 F. App'x 3 (2d Cir. 2018)).

Rule 11 obligations are measured under an "objective unreasonableness" standard, which a party's pro se status is factored into. *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003); *Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142 n.9 (S.D.N.Y. 2005), *aff'd,* No. 5-2971, 2008 WL 749564 (2d Cir. Mar. 20, 2008) (cleaned up). That standard "is purposefully high, so as not to stifle legal creativity and zealous advocacy." *Galin*, 283 F. Supp. 3d at 201. "Rule 11 sanctions are reserved for extraordinary circumstances," and courts are directed to "resolve all

doubts in favor of the signer" of a pleading. *Id.* (quoting *Park v. Seoul Broad. Sys. Co.*, No. 5-CV-8956 (BSJ) (DFE), 2008 WL 619034, at *1 (S.D.N.Y. Mar. 6. 2008)); *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993).

When Rule 11 sanctions are filed against a pro se party, the special solicitude that the Second Circuit affords such litigants kicks in. Pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) *(per curiam)* (internal citation omitted). Accordingly, a court may consider the "special circumstances" of pro se parties who are "untutored in the law" when contemplating Rule 11 sanctions, and this Court does so.[1] *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989). Nevertheless, "[a]lthough some hesitation in imposing sanctions against a party proceeding pro se is warranted, 'pro se filings do not serve as an impenetrable shield, for one acting pro se has no license to harass others . . . .'" *Stengel v. Black*, No. 10-CV-8661(CM), 2011 WL 4975767, at *2 (S.D.N.Y. Oct. 18, 2011) (quoting *Durant v. Traditional Invs., Ltd.*, 135 F.R.D. 42, 49 (S.D.N.Y. 1991)).

**B. Altman May Not Be Sanctioned Pursuant to Rule 11 for Filing the Complaint**

Finkelman seeks sanctions against Altman for filing a frivolous action. Sanctions Mot. at 7. Altman argues that he cannot be subjected to Rule 11 sanctions for filing the Complaint in this action because he lacked notice and an opportunity to withdraw the Complaint, ECF No. 91, and the Court agrees. Rule 11 requires that a motion for sanctions be served on the party against whom sanctions are sought at least 21 days before it is "filed or . . . presented to the court." Fed. R. Civ. P. 11(c)(2). This "safe harbor" period "generally provid[es] protection against sanctions if

[1] Although Plaintiff has graduated from law school and passed the New York Bar Exam, he is not an attorney and has never practiced law as an attorney. Compl. ¶¶ 1, 7. As such, the Court, out of an abundance of caution and as it has done before, continues to extend to him the special protections that pro se litigants receive.

[the relevant entities] withdraw or correct contentions after a potential violation is called to their attention." Fed. R. Civ. P. 11(b)–(c) advisory committee's note to 1993 amendment. It is a "strict procedural requirement," and "only conduct explicitly referred to in the instrument providing notice is sanctionable." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (citations omitted). The "sensible balance" in this rule is evident: It "mak[es] a lawyer sanctionable for an objectively unreasonable submission and at the same time afford[s] the lawyer a 'safe harbor' opportunity to reconsider and withdraw a submission challenged by an adversary." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 91 (2d Cir. 2003).

Here, Altman was not provided an opportunity to cure the deficiencies in the Complaint. Finkelman's counsel did not serve Altman with the Rule 11 sanctions motion until September 27, 2024—ten days *after* Altman had already withdrawn from this action. ECF No. 81–8 ¶ 2. By that point, Altman could not withdraw the Complaint in this action. And as such, Altman's inability to take action to remedy potentially sanctionable conduct during the safe harbor period was not within his control. "Courts typically 'look to New York Rules of Professional Conduct for guidance on motions to withdraw.'" *City Merch. Inc. v. Tian Tian Trading Inc.*, No. 19-CV-9649 (MKV), 2021 WL 119075, at *3 (S.D.N.Y. Jan. 13, 2021) (quoting *Szulik v. Tag Virgin Islands, Inc.*, No. 12-CV-1827 (PKC), 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013)). And, when a client fires his attorney, "withdrawal is mandatory." *Id.* (citing 22 N.Y.C.R.R. § 1200 (Rule 1.16(b)(3))). Altman informed the Court that Rapaport fired him on September 9, 2024, and the Court granted Altman's application to withdraw on September 17, 2024. ECF Nos. 8, 13.

Accordingly, Altman was unable to benefit from the notice requirements of Rule 11, and thus cannot be sanctioned under Rule 11 for his filing of the Complaint.[2]

**C. The Court Declines to Impose Monetary Sanctions Against Rapaport**

Because Altman may not be sanctioned under Rule 11, the Court only addresses the merits of Finkelman's arguments for sanctions against Rapaport. *See* Fed. R. Civ. P 11(c)(1) (permitting courts to impose appropriate sanctions "on any attorney, law firm, or party that violated the rule or is responsible for the violation"); *Maduakolam*, 866 F.2d at 56 ("Rule 11 applies both to represented and pro se litigants . . . ."). Finkelman maintains that Rapaport should be sanctioned for falsely alleging injury in this action and for pursuing frivolous claims with a harassing purpose. The Court addresses each argument in turn.

First, the Court rejects Finkelman's contention that Rapaport should be sanctioned because he alleged an injury that is factually false. In the Complaint, Rapaport alleges that Finkelman's Twitter thread caused him not to seek admission to the New York Bar. Compl. ¶ 7. Finkelman argues that this claim runs afoul of Rule 11(b)'s requirement that factual allegations have evidentiary support. Sanctions Mot. at 12–13. Her argument rests on the fact that the same injury is alleged in two different complaints detailing different events occurring in different years. *Id.* However, the Court credits Plaintiff's account that, for him, "multiple causes" contributed to "the same result." ECF No. 93 at 7. While Plaintiff's decision not to apply to the Bar is not legally compensable in this action—or, indeed, in the other actions where he alleged

---

[2] Finkelman did not request that the Court order sanctions under its inherent powers, so the Court does not consider doing so here. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–49 (1991) (recognizing that although "inherent powers must be exercised with restraint and discretion," they may still form the basis for sanctions where "procedural rules exist which sanction the same conduct"); *but see also id.* at 51 (distinguishing cases where inherent power sanctions are impermissible because they "thwart[] the purposes of the other sanctioning mechanisms").

the same injury—that claimed injury does not constitute an objective falsity that merits sanctions.

Second, the Court cannot conclude that Rapaport brought this action for an improper purpose that warrants sanctions. In inferring improper purpose, courts consider whether, "in light of [Plaintiff's] conduct during and outside of litigation, a complaint is so baseless as to suggest that there is an ulterior motive behind the lawsuit." *An v. Despins*, No. 22-CV-10062 (VEC), 2023 WL 4931832, at *6 (S.D.N.Y. Aug. 2, 2023). There is support that Rapaport pursued this lawsuit "to intimidate Ms. Finkelman" into "delet[ing] her entire [Twitter] thread" about Rapaport I.[3] Sanctions Mot. at 16. Rapaport's main concern, it appears, is that the Photograph was "never indexed by any search engine" until its appearance on Finkelman's Twitter, after which "it was, and remains, widely available." Compl. ¶ 19. And, as Defendant notes, this action "essentially doxxed Ms. Finkelman" by "directly and publicly associat[ing] her with an online account she had intentionally chosen to keep anonymous." Sanctions Mot. at 15.

However, the Court cannot ultimately conclude from the circumstances that Rapaport pursued a frivolous lawsuit for a harassing purpose. Rapaport first brought this action through his counsel, who asserted legal claims on his behalf. This fact suggests that by relying on his experienced, licensed attorney—Altman—Rapaport believed there was a legitimate legal remedy for the harm he claims he suffered. Indeed, Altman filed this case and certified that the claims were not baseless. And a represented party may not be sanctioned for failing to ensure that the

[3] The Court does not credit much of Finkelman's characterization of Rapaport's intent to harass Finkelman. *See* Sanctions Mot. at 14–15. Rapaport appears before this Court as a plaintiff in four cases, and the Court is well acquainted with his briefing style. Rapaport's commentary about Finkelman mirrors similar statements about the defendants in Rapaport I and the related action, *Rapaport v. Epstein*, 24-CV-7439 (JGLC). Indeed, it is unsurprising that a pro se plaintiff who feels personally harmed by a defendant's actions is "displease[ed] with Ms. Finkelman[]." Sanctions Mot. at 14. That fact alone does not evince an intent to harass.

legal contentions their counsel put forward were warranted by existing law. *See Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 202 F. Supp. 2d 126, 140 (S.D.N.Y. 2002)) ("A represented party, as Plaintiff was at the inception of this action, may not be sanctioned monetarily for a violation of subdivision (b)(2).").

Furthermore, although the Court resoundingly rejected Rapaport's defamation claim, Rapaport also asserted a claim for false light and invasion of privacy. The Court never reached the merits of this claim and dismissed it solely on choice of law grounds. It is difficult to conclude, then, that this claim was frivolous and brought solely to harass Finkelman.

Although the Court is sympathetic to the costs that Finkelman has incurred in defending this action, "the principal objective of the imposition of Rule 11 sanctions is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses." *Lipin v. Hunt*, 573 F. Supp. 2d 836, 846 (S.D.N.Y. 2008) (quoting *Caisse Nationale de Credit Agricole–CNCA, N. Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 266 (2d Cir. 1994)). The Court did not find—nor did Finkelman cite—any sufficiently analogous precedent justifying their imposition here. This case was Rapaport's first against Finkelman. Even though he subsequently filed a second case against her, *Rapaport v. Beryl Finkelman*, 25-CV-7294 (JGLC) (S.D.N.Y.), Rapaport seeks substantially different relief in the second case. *Cf. Williams v. Off. Of Child Support*, No. 21-CV-8235 (PAE) (RWL), 2023 WL 2396354, at *4 (S.D.N.Y. Mar. 3, 2023), *report and recommendation adopted* 2023 WL 3967791 (S.D.N.Y. June 13, 2023) (finding an intent to harass where the plaintiff filed the same claim a third time against the same defendant after two *sua sponte* dismissals).

Additionally, courts in this District disfavor monetary sanctions against pro se parties. *See, e.g.*, *Hubbuch v. Cap. One, N.A.*, No. 25-CV-406 (VSB) (RWL), 2026 WL 691261, at *30

(S.D.N.Y. Feb. 10, 2026) (declining monetary sanctions, despite finding that the plaintiff's improper conduct was willful or negligent, part of a pattern of activity across multiple cases, and increased the time and expense of litigation); *Zimmerman v. UBS AG*, No. 17-CV-4503 (JMF), 2018 WL 4054860, at *5 (S.D.N.Y. Aug. 24, 2018) (declining to impose sanctions "primarily because [the plaintiff] is proceeding pro se," despite being "tempted" to do so) (citing *Newman & Cahn, LLP. v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (declining to impose sanctions on a pro se plaintiff even though the plaintiff's "petition [was] frivolous and unwarranted")); *Murawski v. Pataki*, 514 F. Supp. 2d 577, 590 (S.D.N.Y. 2007) (declining sanctions because, "[w]hile [the pro se] plaintiff's claims against [the defendant] are so completely without merit as to border on the vexatious, plaintiff may not have been aware or warned of the possible imposition of sanctions"). And, in those cases where sanctions have been recommended or imposed, the conduct of the pro se parties rose to a more egregious level of willfulness and clear litigation harassment than was present here. *See, e.g.*, *Appel v. Schoeman Updike Kaufman Stern & Ascher L.L.P.*, No. 14-CV-2065 (AJN), 2015 WL 13654007, at *34 (S.D.N.Y. Mar. 26, 2015) (imposing a $5,000 sanction on an attorney representing herself who the court deemed to be "using litigation as a tool for revenge or extortion" where "the facts known to [the plaintiff] provided no support *whatsoever* for any of [her] claims); *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 202 F. Supp. 2d 126, 141 (S.D.N.Y. 2002) (imposing $3,000 worth of attorney's fees for four successive lawsuits on substantially overlapping—and decided—grounds, for the express purpose of "deter[ring] repetition of the offending conduct").

For all of these reasons, the Court declines to impose monetary sanctions under Rule 11 in this case.

## CONCLUSION

For the foregoing reasons, Finkelman's motions for attorney's fees and other sanctions are DENIED. The Clerk of Court is directed to terminate ECF Nos. 80 and 83.

Dated: September 1, 2026
White Plains, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| GIDEON RAPAPORT,<br><br>Plaintiff-Appellee,<br><br>- vs. -<br><br>ABIGAIL FINKELMAN,<br><br>Defendant-Appellant. | No.: 26-2785<br><br>**FORM C ADDENDUM B** |

*Issues proposed to be raised on appeal, as well as the applicable standard of review for each proposed issue.*

1. The District Court erred in its interpretation of New York's Anti-SLAPP law, N.Y. Civil Rights L. 70-a(1)(a), by concluding that the statute's language providing that a covered defendant may "maintain an action, claim, cross claim or counterclaim" to recover under the statute did not permit a defendant to recover attorney's fees and costs by motion, rather than by separate pursuit of an affirmative claim in a follow-on action. Questions of law, including questions of statutory interpretation of state law, are reviewed *de novo*. *Regina College v. Russell*, 499 U.S. 225 (1991).

2. Having erred in this manner, the District Court erroneously denied Ms. Finkelman's motion for attorney's fees and costs under New York's Anti-SLAPP law, to which she was automatically entitled as a covered defendant to whom the statute applies. New York's Anti-SLAPP remedy statute provides that a "defendant in an action involving public petition and participation … may maintain an action, claim, cross claim or counterclaim to recover damages … from any person who commenced or continued such action…." Civil Rights Law § 70-a(1). The statute provides — as a mandatory rather than permissive matter — that "costs and attorney's fees shall be recovered" upon dismissal of the action and a finding "that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law…." Civil Rights Law § 70-a(1)(a) (emphasis added). This Court approaches questions that are logically antecedent to issues central to the appeal that were not addressed by the District Court anew and without any deference. *Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith*, 11 F.4th 26, 53 (2d Cir. 2021).

Dated: October 16, 2026
New York, New York

LAW OFFICE OF MAX RODRIGUEZ PLLC

By: ___/s/ *Max Rodriguez*______

Max Rodriguez
575 5th Avenue
14th Floor
New York, NY 10017
(646) 741-5167
max@maxrodriguez.law
*Attorney for Plaintiff-Appellant*
*Abigail Finkelman*